JOURNAL ENTRY AND OPINION
{¶ 1} Defendants, St. Paul Guardian Insurance Company, St. Paul Fire and Marine Insurance Company, and Metropolitan Property and Casualty Insurance Company (collectively "St. Paul"), appeal the trial court granting plaintiff summary judgment. Because this appeal does not constitute a final appealable order, we dismiss it for lack of jurisdiction.
 {¶ 2} In 1993, plaintiff purchased an insurance policy from St. Paul. Just after the policy went into effect, plaintiff commenced a lawsuit in New York.[1] Two of the defendants in that case were McMahan and Nemesis. While the New York case was pending, Nemesis and McMahan filed a separate lawsuit against plaintiff. That case was filed in Florida. The complaint alleged plaintiff's tortious interference with the investment business of Nemesis and McMahan along with a claim for malicious prosecution regarding the lawsuit plaintiff had filed in New York.
 {¶ 3} When plaintiff notified St. Paul about the Florida case, he asked the company to provide him a defense and coverage under the terms of his policy. St. Paul's denial of both requests prompted plaintiff to file the lawsuit which is the subject matter of this appeal.
 {¶ 4} Plaintiff's Ohio complaint requested a declaratory judgment that St. Paul breached its insurance contract by refusing to defend and/or indemnify plaintiff in the Florida case and that it did so in bad faith. Plaintiff filed a motion for partial summary judgment in which he requested judgment only against St. Paul on his breach of contract claim, that is, defendants' refusal to defend him in the Florida case. Plaintiff's bad faith claim remained pending.
 {¶ 5} St. Paul also moved the court for summary judgment. In its motion, St. Paul argued it was not liable for bad faith. The trial court granted plaintiff's motion and determined that St. Paul had a duty to defend and indemnify plaintiff in the Florida action. The trial court's order specified, in relevant part, the following determinations:
"* * *
Pltfs. Motion for Partial Summary Judgment * * * is granted onplaintiff's Breach of Contract claims by failing to provide plaintiff adefense in the underlying florida action.
* * *
Trial to be held on: Plaintiff's bad faith claim and damages.
* * *"
 {¶ 6} St. Paul's motion for summary judgment was denied. It is from this order, as well as the order granting plaintiff's motion for partial summary judgment that defendants appeal, assigning one error for review:
"The trial court erred when it denied defendants/appellants' motion forsummary judgment, granted plaintiff/appellee's motion for partial summaryjudgment, and declared that defendants/appellants had a duty to defendand indemnify plaintiff/appellee in the underlying florida action. (seetrial court's journal entry filed april 9, 2003, a copy of which isattached hereto as exhibit a)."
 {¶ 7} St. Paul argues the trial court erred by granting plaintiff's motion for partial summary judgment. St. Paul maintains that its policy does not provide it with a duty to defend plaintiff or to provide him with coverage.
 {¶ 8} An appellate court has jurisdiction only over final, appealable orders. Section 3(B)(2), Article IV of the Ohio Constitution. "If an order is not final, then an appellate court has no jurisdiction."General Acc. Ins. v. Ins. Co. of North America (1989),44 Ohio St.3d 17, 20, 540 N.E.2d 266. R.C. 2505.02(B) defines a final order as:
"(B) An order is a final order that may be reviewed, affirmed,modified, or reversed, with or without retrial, when it is one ofthe following:
 An order that affects a substantial right in an action that ineffect determines and prevents judgment;
 An order that affects a substantial right made in a special proceedingor upon a summary application in an action after judgment;
 An order that vacates or sets aside a judgment or grants a newtrial;
 An order that grants or denies a provisional remedy * * *."
 {¶ 9} Further, an order is a final, appealable order only if the requirements of both Civ.R. 54(B) and R.C. 2505.02 are met.
 {¶ 10} In determining whether a judgment is final, an appeals court must engage in a two-step analysis. "First, it must determine if the order is final within the requirements of R.C. 2505.02. If the court finds that the order complies with R.C. 2505.02 and is in fact final, then the court must take a second step to decide if Civ.R. 54(B) language is required." Allstate Ins. Co. v. Soto, (Nov. 30, 2000), Cuyahoga App. Nos. 78114 and 78115, 2000 Ohio App. LEXIS 5607, at *7, citing Gen. Acc.Ins. v. Ins. Co. of N. Am. (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266.
 {¶ 11} We find Soto virtually on point with the case at bar. Both cases are appeals from declaratory judgments holding an insurance company had a duty to defend. "[A] declaratory judgment action regarding an insurance company's duty to defend has been found to constitute a special remedy which affects a substantial right." Soto, at *8. Accordingly, the first part of R.C. 2505.02 is satisfied.
 {¶ 12} Also like the situation in Soto, the instant matter does not satisfy Civ.R. 54(B), which states:
"When more than one claim for relief is presented in an action whetheras a claim, counterclaim, cross-claim, or third-party claim, and whetherarising out of the same or separate transactions, or when multipleparties are involved, the court may enter final judgment as to one or morebut fewer than all of the claims or parties only upon an expressdetermination that there is no just reason for delay. In the absence of adetermination that there is no just reason for delay, any order or otherform of decision, however designated, which adjudicates fewer than allthe claims or the rights and liabilities of fewer than all the parties,shall not terminate the action as to any of the claims or parties, andthe order or other form of decision is subject to revision at any timebefore the entry of judgment adjudicating all the claims and the rightsand liabilities of the parties."
 {¶ 13} In both cases plaintiff's bad faith claim remains pending. Both of plaintiff's claims for damages relating to St. Paul's breach of contract and bad faith, moreover, also remain pending for trial. Finally, the trial court's journal entry lacks the requisite Civ.R. 54(B) language that there is no just reason for delaying this appeal. Because the questions of St. Paul's liability for bad faith and damages all remain pending, this appeal is not from a final appealable order. Accordingly, this court does not have jurisdiction and we dismiss it for lack of jurisdiction.
 {¶ 14} The appeal is dismissed.
Appeal dismissed.
It is ordered that appellee recover of appellants his costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Frank D. Celebrezze, JR., P.J., and Sean C. Gallagher, J., concur.
[1] For purposes of this appeal, the facts underlying that lawsuit are not relevant to this appeal.