OTHMAN et al., Appellants,

v.

HERITAGE MUTUAL INSURANCE COMPANY, Appellee, et al.

[Cite as *Othman v. Heritage Mut. Ins. Co.*, 158 Ohio App.3d 283, 2004-Ohio-4361.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–030880.

Decided Aug. 20, 2004.

Brown & Warnock and Albert T. Brown Jr., for appellants.

Freund, Freeze & Arnold and Judd R. Uhl, for appellee.

MARK P. PAINTER, Judge.

{¶ 1} In this insurance case, the trial court granted a protective order to prevent the deposition of two attorneys, and it then denied a motion to disqualify the attorneys and their firm. Because there is no final appealable order, we must dismiss the appeal.

{¶ 2} On May 1, 2001, plaintiffs-appellants, Akram and Amani Othman, bought insurance from defendant-appellee, Heritage Mutual Insurance Company, through its agent, defendant Neace Lukens, for their property at 3217 Beekman Street, which contained the Cumminsville Carry Out and an apartment. On May 7, 2001, a fire in the apartment caused $54,167.53 in damage to the property.

{¶ 3} Heritage denied the Othmans' insurance claim. The Othmans sued Heritage and Neace Lukens, claiming that the denial was in bad faith and without reasonable justification. They also claimed that Heritage's attorneys, Judd Uhl, Mark MacDonald, and the law firm of Freund, Freeze & Arnold, had acted as agents for Heritage in the denial.

{¶ 4} Believing that Heritage's denial of their claim was based upon the advice and recommendation of Heritage's attorneys, the Othmans attempted to depose both Uhl and MacDonald. The Othmans also moved to disqualify the attorneys and their firm from any further representation of Heritage.

{¶ 5} Heritage responded with a motion opposing the motion to disqualify and asking for a protective order to prevent the depositions of Uhl and MacDonald. The trial court granted the protective order for Uhl and MacDonald and denied the motion to disqualify the firm of Freund, Freeze & Arnold from representing Heritage.

{¶ 6} Before we can reach the merits of the Othmans' appeal, that is, the merits of whether the trial court erred when it granted Heritage's motion for a protective order and denied the Othmans' motion to disqualify Heritage's attorneys, we must first decide whether the trial court's judgment was a final appealable order.

{¶ 7} In determining whether a judgment is final, an appeals court must engage in a two-step analysis. First, it must determine whether the order is final within the meaning of R.C. 2505.02. If the court concludes that the order complies with R.C. 2505.02 and is in fact final, then the court must take a second step to decide whether, if applicable, the requirements of Civ.R. 54(B) are satisfied.[1]

{¶ 8} The Othmans assert that the trial court's ruling was a final order under R.C. 2505.02(B)(4), which defines one type of final order as "[a]n order that grants or denies a provisional remedy and to which both of the following apply: (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy [and] (b) The appealing party would not be

---

1. See *Toto v. St. Paul Fire & Marine Ins. Co.*, 8th Dist. No. 82874, 2003-Ohio-6626, 2003 WL 22922421.

afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶ 9} A provisional remedy is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence."[2]

{¶ 10} We agree that the ruling on the Othmans' motion to disqualify Heritage's attorneys and Heritage's motion for a protective order involved a provisional remedy. Heritage's motion involved discovery of information protected by the attorney-client privilege, a specific instance of a provisional remedy mentioned in the statute. And the Othmans' motion for disqualification of counsel was also clearly ancillary to the main action.[3] We also acknowledge that the granting of the motion for a protective order and the denial of the motion for disqualification determined the action with respect to the motions.

{¶ 11} But the Othmans' argument that this was a final appealable order stumbles over the final requirement that the Othmans would not be afforded a meaningful or effective remedy by an appeal once their entire claim is determined. In some instances, the proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage suffered by the appealing party.[4] But in this case, no bell has rung. The trial court *granted* the protective order, preventing the disclosure of any privileged material, and *denied* the disqualification of Heritage's attorneys.

{¶ 12} In *Bell v. Mt. Sinai Med. Ctr.*,[5] the Ohio Supreme Court held that a court order directing a party to submit requested discovery materials for an in camera inspection was not a final appealable order. While that case involved a different definition of a final order—one affecting a substantial right that if not immediately appealable would foreclose appropriate relief in the future—the court's analysis on the issue of irreparable harm is applicable to our case.

{¶ 13} The court distinguished several cases in which the order in question compelled disclosure of allegedly privileged information, rather than preventing or delaying it. The court then stated, "In the present case, it would only be after this *in camera* review and a trial court order compelling disclosure that the substantial rights of appellants would be implicated. If the trial court determines

---

2. R.C. 2505.02(A)(3).

3. See *Bernbaum v. Silverstein* (1980), 62 Ohio St.2d 445, 448, 16 O.O.3d 461, 406 N.E.2d 532; *Freer v. Loma Enterprises, Inc.* (Dec. 30, 1999), 7th Dist. No. 98 CA 194, 1999 WL 1279153.

4. See *State v. Muncie* (2001), 91 Ohio St.3d 440, 451, 746 N.E.2d 1092.

5. *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 616 N.E.2d 181.

that all of the requested information is privileged, any issues which may have been the subject of an appeal would be rendered moot. Conversely, if some documents are determined to be subject to disclosure, an appeal on narrowed issues would be available * * *." [6]

{¶ 14} Similarly, the denial of a motion to disqualify counsel, as opposed to a grant of the motion, can be effectively appealed after a final judgment in the entire action. In *Bernbaum v. Silverstein*,[7] the Ohio Supreme Court distinguished between a grant and a denial of a motion to disqualify counsel. The court held that the claimed prejudice in denying a motion to disqualify counsel was effectively reviewable after final judgment, reasoning that any damage was no more curable by an immediate appeal. An order granting disqualification, however, cannot be effectively reviewed after final judgment.[8] In *Russell v. Mercy Hosp.*,[9] the court added, "When a motion for disqualification is granted, a legitimate interest of a party is necessarily implicated—the right to counsel of one's choice. The converse is not necessarily true."

{¶ 15} Though case law and statutory changes have been made since the Ohio Supreme Court decided *Bernbaum* and *Russell,* and those changes have detracted from their principal holdings, the logic employed in the decisions remains sound. In *Freer v. Loma Enterprises, Inc.*,[10] the Seventh Appellate District reached the same conclusion and relied on *Bernbaum* and *Russell* in holding that an order denying a motion for disqualification of counsel was not a final appealable order.

{¶ 16} The *Freer* court stated, "[A]ppellants will not suffer irreparable harm by a delayed appeal. Any allegation of damage to appellants' defense can be rectified. For instance, if appellants establish that they were prejudiced by the court's refusal to disqualify appellees' counsel, then appellants may receive a new trial. As a result, a decision in favor of appellants on an appeal after final judgment will not be a hollow victory." [11]

---

6. Id. at 64, 616 N.E.2d 181.

7. *Bernbaum v. Silverstein* (1980), 62 Ohio St.2d 445, 448, 16 O.O.3d 461, 406 N.E.2d 532.

8. Id.

9. *Russell v. Mercy Hosp.* (1984), 15 Ohio St.3d 37, 41, 15 OBR 136, 472 N.E.2d 695.

10. *Freer v. Loma Enterprises, Inc.* (Dec. 30, 1999), 7th Dist. No. 98 CA 194, 1999 WL 1279153.

11. Id.; see, also, *Lemmo v. House of LaRose Cleveland, Inc.*, 8th Dist. No. 82182, 2003-Ohio-4346, 2003 WL 21957081.

{¶ 17} And here of course, if the Othmans win their case on the merits, the issue of the disqualification of Heritage's attorneys, along with the issue of the protective order, will be moot.

{¶ 18} In addition, the absence of a statement by the trial court in the entry granting the protective order and denying the disqualification that there was no just reason to delay an appeal causes us to conclude that the trial court was aware that its order was not a final appealable order under R.C. 2505.02.[12]

{¶ 19} Because the trial court's order is not a final appealable order, we dismiss the Othmans' appeal.

Appeal dismissed.

DOAN, P.J., and HILDEBRANDT, J., concur.

---

12. See *Stewart v. Midwestern Indem. Co.* (1989), 45 Ohio St.3d 124, 127, 543 N.E.2d 1200.