OPINION
{¶ 1} Appellant, Towne Investment II, Inc. ("Towne"), appeals from the entry of summary judgment by the Lake County Common Pleas Court in which that court denied coverage to Towne for a policy issued by appellee, Westfield Insurance Company ("Westfield").
 {¶ 2} The instant case was initiated by Westfield. It sought a declaration of its rights and duties under a commercial general liability policy, policy number CWP 3 669 220, that it had issued to Towne. The coverage period was October 17, 1999 through October 17, 2002.
 {¶ 3} Westfield's complaint for declaratory judgment alleged that a non-party, Elaine Sluga ("Sluga") had filed a complaint for damages against Towne in the Lake County Common Pleas Court. Her case was identified as case No. 04CV000985. Sluga had sued Towne in that case for claims based on breach of contract, and intentional and/or negligent and/or fraudulent misrepresentation. Sluga's claims arose from the purchase of a sublot in a development of Towne's. Sluga alleged that Towne had misrepresented the quality of the fill on the sublot purchased by her and that Towne knew or should have known that the property fill consisted of demolition debris prior to the sale of the sublot to Sluga.
 {¶ 4} As a result of Sluga filing suit against it, Towne sought coverage from Westfield under the commercial general liability policy to defend it and indemnify it against the Sluga claims in case No. 04CV000985.
 {¶ 5} Westfield did provide a defense in that case, however, on September 29, 2004, it filed suit in the instant case for a declaratory judgment to the effect that it had no obligation to provide a defense to Towne and that the commercial general liability policy did not provide coverage to Towne.
 {¶ 6} On December 16, 2004, Westfield filed a motion for summary judgment.
 {¶ 7} Westfield's motion for summary judgment was directed to the original complaint filed by Sluga in case No. 04CV000985. The motion averred that the claims contained within the four corners of Sluga's complaint were not the types of claims for which Towne would be covered by Westfield in its commercial general liability policy.
 {¶ 8} On May 13, 2005, Sluga filed an amended complaint against Towne in case No. 04CV000985. Her amended complaint added four new parties to the litigation and contained new allegations that Sluga had suffered personal injuries in the form of emotional damages.
 {¶ 9} On June 13, 2005, the trial court consolidated case No. 04CV000985 with the instant case.
 {¶ 10} On April 29, 2005, and, then, again on July 12, 2005, Towne sought leave of court to respond to Westfield's motion for summary judgment, which the trial court granted on July 27, 2005. Westfield filed a reply to Towne's response to the summary judgment motion on August 4, 2005.
 {¶ 11} On January 26, 2006, the trial court entered summary judgment in favor of Westfield. The court's judgment entry limited itself to the issues of coverage as they related to Sluga's original complaint. It did not consider the new allegations relating to personal injuries that were contained in Sluga's amended complaint. The trial court agreed with Westfield that the claims alleged by Sluga in her underlying case were not the types of claims covered by Westfield in its commercial general liability policy.
 {¶ 12} On February 2, 2006, Towne filed a motion for relief from judgment asking the trial court to reverse its entry of summary judgment, because the court's order did not consider that Sluga had filed an additional claim in the underlying case that alleged personal injuries and, according to Towne, should have been covered by the terms of the Westfield policy. This motion for relief from judgment has not been ruled upon.
 {¶ 13} On February 27, 2006, Towne filed its notice of appeal to this court, asserting a single assignment of error:
 {¶ 14} "The trial court erred in granting Westfield's motion for summary judgment on its declaratory judgment complaint."
 {¶ 15} This court's standard of review for reviewing the granting of a motion for summary judgment is de novo.[1]
 {¶ 16} In this court, Towne has two arguments as to why the trial court erred in granting Westfield's motion for summary judgment. The first argument is that the trial court was incorrect in its interpretation of the terms "property damage" and "occurrence." The second argument is that the trial court's entry of summary judgment did not consider the additional claim for personal injuries filed by Sluga in her amended complaint; that this additional claim is covered by Westfield in its commercial general liability policy; and, therefore, the entry of summary judgment was erroneous.
 {¶ 17} We shall first address Towne's argument that the trial court did not consider Sluga's allegations relating to personal injuries when it rendered its summary judgment order. We note that Towne did not bring the allegations regarding personal injuries to the attention of the trial court when it filed its response to Westfield's motion for summary judgment on July 27, 2005. Sluga's amended complaint had been filed two months prior, and the Sluga case had been consolidated with the instant case on June 13, 2005. In its brief filed in this court, Westfield argues that Towne should not get "another bite at the apple" by arguing that the trial court failed to consider the personal injury allegations when it was "Towne's tardiness" that failed to bring this matter to the attention of the trial court.
 {¶ 18} Notwithstanding the fact that Towne did not bring to the trial court's attention the fact that Sluga had amended her complaint to add a claim for personal injuries, it was incumbent on the trial court during the summary judgment exercise to consider this additional pleading in rendering its order for summary judgment.
 {¶ 19} "`Civ.R. 56(C) imposes an absolute duty upon a trial court to read and consider all pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact when ruling on a motion for summary judgment.'"[2]
 {¶ 20} Thus, "[s]ummary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law."[3]
 {¶ 21} In this case, the record consisted not only of the original complaint filed by Sluga in case No. 04CV000985, but also the amended complaint filed by her on May 13, 2005. On June 13, 2005, in its order consolidating the case of Sluga versus Towne with the instant case of Westfield versus Towne, the trial court stated: "[b]oth cases will retain their original case number and caption, but will proceed together on this Court's docket calendar." Thus, as part of the summary judgment exercise, Civ.R. 56(C) required the trial court to have considered the entire record, consisting of the pleadings and other matters from both cases. As stated by Westfield in the brief filed in this court, the trial court "knows its docket best."[4] In failing to consider Sluga's amended complaint prior to granting Westfield's motion for summary judgment, the trial court was not in compliance with Civ.R. 56(C).
 {¶ 22} However, if the trial court's order is construed as an entry granting partial summary judgment, inasmuch as it did not consider the personal injury allegations in the Sluga amended complaint, it then lacks the finality of a final, appealable order. Though partial summary judgment is permitted by the terms of Civ.R. 54(A) "as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action," the trial court would have had to make an express determination that there was no just cause for delay, pursuant to Civ.R. 54(B).[5] There was no such determination made here. In addition, if the trial court's entry were construed as an entry of partial summary judgment, the claim for personal injuries contained in Sluga's amended complaint would remain pending. Thus, absent a Civ.R. 54(B) determination, the order of the trial court was not a final, appealable order.[6]
 {¶ 23} Having considered Towne's second argument in this assignment of error and found it to be dispositive, and not having analyzed the first argument as to whether the trial court properly interpreted the terms "property damage" and "occurrence," we dismiss Towne's appeal on the basis that the order of the trial court is not a final, appealable order.
Grendell, J., O'Toole, J., concur.
[1] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105.
[2] (Emphasis added in original.) Kelly v. Coca-Cola BottlingCo., 1st Dist. No. C-030770, 2004-Ohio-3500, at ¶ 21, quotingMoravec v. Hobeika (Mar. 17, 2000), 1st Dist. No. C-990622, 2000 Ohio App. LEXIS 995, at *3.
[3] (Emphasis added.) Howard v. Jet Corr Classic, Inc., 2d Dist. No. 05CA0068, 2006-Ohio-415, at ¶ 5.
[4] State v. Driver, 7th Dist. No. 03 MA 210, 2006-Ohio-494, at ¶ 36.
[5] Toto v. St. Paul Fire Marine Ins. Co., 8th Dist. No. 82874, 2003-Ohio-6626, at ¶ 12-13.
[6] Id. at ¶ 13.