DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is before the court on a motion to dismiss filed by plaintiff-appellee, Lalaine E. Mattison, M.D., who claims that the order being appealed is not final and appealable. Defendants-appellants, Hany Y. Khalil, M.D., et al. (collectively *Page 2 
"Khalil"), have filed a memorandum in opposition; appellee filed a reply in support and appellants filed a sur-reply. The motion is now decisional.
 {¶ 2} During the pendency of this litigation in the trial court, Khalil filed a "Request for Voluntary Withdrawal of Eastman Smith, Ltd., or in the alternative, Motion to Disqualify Eastman Smith, Ltd." In the motion, Khalil states that Eastman Smith should be barred from representing Mattison, et al. in this protracted litigation because, inter alia, a member of that firm is a material witness in the case and the firm has a conflict of interest in the case. Eastman Smith filed a response indicating that it would voluntarily withdraw as counsel. Two new attorneys filed entries of appearance on behalf of Mattison, et al., but Eastman Smith did not file a formal notice of withdrawal. Khalil moved for a formal withdrawal of Eastman Smith to back up its earlier statement that it would withdraw, or a ruling by the trial court on the motion to disqualify. The trial court judge held a hearing on these matters with the two new counsel and Khalil's counsel in attendance.
 {¶ 3} During the hearing, it became clear that Khalil's counsel wanted either a formal declaration of total withdrawal from the case by Eastman Smith or an order from the trial court judge granting his motion and disqualifying Eastman Smith from any connection with the case. Khalil's counsel's concern was that Eastman Smith intended to continue representing Mattison, et al., in all respects except making court appearances because under the newly enacted Ohio Rules of Professional Conduct, Rule 3.7, a lawyer who is likely to be a necessary witness in a trial may continue *Page 3 
representation but must not act "as an advocate at trial." Khalil's counsel stated that Eastman Smith should be totally disqualified because "lawyer as witness" is not the only basis for disqualification identified in the motion to disqualify; it is alleged that the firm also has an unethical conflict of interest in the case that requires total disqualification. The judge stated that she considered Eastman Smith as withdrawn from the case and that it is "not the court's responsibility to police the law firm once they've withdrawn."
 {¶ 4} On October 29, 2007, the trial court issued the following order:
 {¶ 5} "The attorneys and law firm of Eastman Smith are deemed withdrawn as counsel for Plaintiffs. The motion to disqualify Eastman Smith is considered moot. Defendants' Motion for formal withdrawal is DENIED. Defendant's [sic] request for a ruling on the Motion to Disqualify is DENIED."
 {¶ 6} Khalil filed an appeal from this order. Mattison moves to have the appeal dismissed, stating that the order is actually one denying a motion to disqualify which, under Othman v. Heritage Mut. Ins. Co., 158 Ohio App.3d 283, 2004-Ohio-4361, is not appealable until the case is over. The Othman case states:
 {¶ 7} "In Freer v. Loma Enterprises, Inc., [(Dec. 30, 1999), 7th Dist. No. 98 CA 194] the Seventh Appellate District * * * relied onBernbaum and Russell in holding that an order denying a motion for disqualification of counsel was not a final appealable order. *Page 4 
 {¶ 8} "The Freer court stated, `[Appellants will not suffer irreparable harm by a delayed appeal. Any allegation of damage to appellants' defense can be rectified. For instance, if appellants establish that they were prejudiced by the court's refusal to disqualify appellees' counsel, then appellants may receive a new trial. As a result, a decision in favor of appellants on an appeal after final judgment will not be a hollow victory.'
 {¶ 9} "And here of course, if the Othmans win their case on the merits, the issue of the disqualification of Heritage's attorneys, along with the issue of the protective order, will be moot."
 {¶ 10} Khalil argues that the order is final and appealable pursuant to R.C. 2505.02(B)(2) which states:
 {¶ 11} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 12} "(1)* * *
 {¶ 13} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]"
 {¶ 14} A special proceeding is defined as:
 {¶ 15} "[A]n action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2).
 {¶ 16} Khalil states that since the complaint in this case contains several counts for declaratory judgment, and since a declaratory judgment is a "special proceeding," see *Page 5 Gen. Acc. Ins. Co. v. Ins. Co. of N. Am. (1989), 44 Ohio St.3d 17, that as long as the order he wishes to appeal affects his substantial right, he can appeal now instead of waiting until the end of the case. This case, however, as Mattison points out, is not basically one for declaratory judgment, but is in fact an ordinary breach of contract case and, therefore, not a special proceeding. See Walters v. The EnrichmentCtr. of Wishing Well, Inc. (1997), 78 Ohio St.3d 118, 121-122 where the court states:
 {¶ 17} "[I]t is the underlying action that must be examined to determine whether an order was entered in a special proceeding. In the case sub judice, the underlying action was an ordinary civil action, seeking damages. It was recognized at common law and hence was not a special proceeding."
 {¶ 18} Even if we analyze the appealability issue in this case as hinging on whether proceedings to disqualify counsel within an ordinary civil action are "special proceedings," we still conclude that no appeal can be taken at this point. In Freer v. Loma Ent., Inc. (Dec. 30, 1999), 7th Dist. No. 98 CA 194, the court states:
 {¶ 19} "First, we note that a motion for disqualification of counsel is ancillary to the main action and thus constitutes a provisional remedy as defined by R.C. 2505.02(A)(3). See, e.g., Bernbaum, supra at 448 (stating that a motion to disqualify is a request for ancillary relief) * * *.
 {¶ 20} "The next step in our analysis involves examining whether the requirements of R.C. 2505.02(B)(4)(a) are satisfied. In so doing, it appears that when a court rules on a motion for disqualification, the resulting order determines the action with respect to the *Page 6 
motion and prevents judgment in favor of the appellant with respect to the motion. See Id. Hence, our final line of inquiry is whether appellants would be precluded from a meaningful or effective remedy after a trial of the entire action should we refuse to hear their appeal at this juncture. See R.C. 2505.02(B)(4)(b). If appellants will not be denied a meaningful or effective remedy by waiting to appeal the denial of their motion to disqualify opposing counsel, then they may not appeal the issue now. Id.
 {¶ 21} "The determination of whether meaningful or effective review is available entails an analysis similar to that used by theBernbaum Court. Although Bernbaum was followed by case law and statutory changes which detract from the significance of its principal holding, the logic employed in the decision remains sound. For example, the Supreme Court opined that it is not impracticable to appeal the denialof a motion to disqualify after final judgment in the entireaction. Id. at 447. The Court reasoned that any prejudice to the appellant is properly reviewable after final judgment. Id. at 448. Specifically, the Supreme Court stated, `the claimed prejudice in denying a motion to disqualify counsel is effectively reviewable after final judgment, reasoning that any damage is no more curable by an immediate appeal.' Russell, supra at 39, citing Bernbaum.
 {¶ 22} "In the present case, appellants will not suffer irreparable harm by a delayed appeal. Any allegation of damage to appellants' defense can be rectified. For instance, if appellants establish that they were prejudiced by the court's refusal to disqualify appellees' counsel, then appellants may receive a new trial. As a result, a *Page 7 
decision in favor of appellants on an appeal after final judgment will not be a hollow victory. * * *
 {¶ 23} "Thus, an immediate appeal is not mandated to afford appellants a meaningful or effective review. As such, we conclude that the denial of a motion to disqualify opposing counsel on the grounds that such counsel and his own client have a conflict is not a final appealable order."
 {¶ 24} We agree with this sound legal reasoning and find that there is no final order to appeal in this case. Khalil's arguments that the trial court judge should have ruled on the motion to disqualify and banned Eastman Smith from any connection with this case are on the merits of the appeal and can only be addressed if an appeal is taken when the case has concluded.
 {¶ 25} Accordingly, the motion to dismiss is granted and this appeal is ordered dismissed. All pending motions are hereby rendered moot. Khalil, et al., are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
MOTION GRANTED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR. *Page 1