[Cite as *Aloi v. Enlow*, 2014-Ohio-3448.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

PORTAGE COUNTY, OHIO


| | | |
|---|---|---|
| JOSEPH R. ALOI, | : | MEMORANDUM OPINION |
| Plaintiff-Appellant, | : | |
| | : | CASE NO. 2014-P-0022 |
| - vs - | : | |
| JUDGE JOHN A. ENLOW, IN OFFICIAL AND IN HIS INDIVIDUAL CAPACITY, et al., | : | |
| | : | |
| Defendants-Appellees. | : | |


Civil Appeal from the Court of Common Pleas, Case No. 2014 CV 00004.

Judgment: Appeal dismissed.


*Joseph R. Aloi*, pro se, 7807 State Route 303, Windham, OH 44288 (Plaintiff-Appellant).

*Kimberly V. Riley* and *Lisa M. Zaring*, Montgomery, Rennie & Jonson, LPA, 36 East Seventh Street, Suite 2100, Cincinnati, OH 45202-4413 (For Defendant-Appellee, Judge John A. Enlow, in his official and individual capacity).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Allison B. Manayan*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Defendant-Appellee, Magistrate Kent Graham, in his official capacity).

*Richard T. Miller* and *Theodore P. Mattis*, Vorys, Sater, Seymour and Pease, LLP, 52 East Gay Street, P.O. Box 1008, Columbus, OH 43216-1008 (For Defendants-Appellees, John Keller, Michael S. Gordon, John Walter Solomon, and Mitch Fitch).


THOMAS R. WRIGHT, J.

{¶1} On May 13, 2014, appellant, Joseph R. Aloi, pro se, filed a notice of appeal from the March 25, 2014 and May 2, 2014 entries of the Portage County Court of Common Pleas.

{¶2} On June 12, 2014, appellees, Judge John A. Enlow, in his official and individual capacity, Magistrate Kent Graham, in his official capacity, John Keller, Michael S. Gordon, John Walter Solomon, and Mitch Fitch, filed a motion to dismiss the appeal for lack of a final appealable order. In their motion, appellees assert that the March 25, 2014 and May 2, 2014 entries are not final appealable orders and are not proper for appellate review.

{¶3} The docket in this case reveals that Mr. Aloi filed a complaint against appellees which involved a 2009 case and a 2013 case. All of the appellees filed a motion to dismiss the complaint in the trial court, which remains pending. However, the trial court issued orders which Mr. Aloi is appealing. In the March 25 entry, the trial court ordered that any subpoenas issued by any party be reviewed by the court prior to the clerk issuing the subpoena. In the May 2 entry, the trial court denied Mr. Aloi's motion to enlarge time.

{¶4} We must determine whether the order appealed from is a final appealable order. According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Estate of Biddlestone*, 11th Dist. No. 2010-T-0131, 2011-Ohio-1299, ¶ 3. If a lower court's order is not final, a reviewing court has no jurisdiction to review the matter and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B).

{¶5} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals. R.C. 2505.02(B) states that:

{¶6} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶7} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶8} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶9} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶10} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶11} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶12} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶13} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶14} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶15} "(7) An order in an appropriation proceeding * * *."

{¶16} For R.C. 2505.02(B)(1) to apply to the appealed entries, they must affect a substantial right, determine the action, and prevent further judgment. In the instant matter, the two orders involved in this appeal do not fit into this category. Mr. Aloi is appealing an entry relating to the review of discovery and an entry denying his motion for enlargement of time to amend his pleading.

3

{¶17} Generally, discovery issues are interlocutory in nature and a trial court's judgment regarding these issues does not constitute a final and appealable order. See *Stewart v. Siciliano*, 11th Dist. No. 2011-A-0042, 2012-Ohio-6123.

{¶18} For R.C. 2505.02(B)(2) to apply, the order under review must be made in a special proceeding, which is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). This matter does not involve a special proceeding in the context of final appealable orders. Thus, R.C. 2505.02(B)(2) does not apply.

{¶19} In addition, it is clear that neither the March 25, 2014, nor the May 2, 2014 entries vacate a judgment, grant a provisional remedy, deal with a class action, determine the constitutionality of Am. Sub. S.B. 281 or Sub. S.B. 80, or deal with an appropriation proceeding. Therefore, R.C. 2505.02(B)(3)-(7) do not apply.

{¶20} Here, in the March 25, 2014 entry, the trial court simply ordered that any subpoenas issued be reviewed by the court prior to being issued. Therefore, that entry is an interlocutory order and is not final. Furthermore, the May 2, 2014 order denied Mr. Aloi's motion for enlargement of time, which is also interlocutory and not final. This appeal has been filed prematurely. Mr. Aloi will have a meaningful and effective remedy by means of an appeal once a final judgment is reached. See *Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. No. 2011-P-0103, 2011-Ohio-6838, at ¶ 5.

{¶21} Based on the foregoing, appellees' motion to dismiss this appeal is hereby granted, and the appeal is dismissed for lack of a final appealable order.

{¶22} Appeal dismissed.

TIMOTHY P. CANNON, P.J.,

DIANE V. GRENDELL, J.,

concur.

4