[Cite as *Kirila v. Kirila Contrs., Inc.*, 2016-Ohio-5469.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**


| | | |
|---|---|---|
| THOMAS KIRILA, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2015-T-0108** |
| KIRILA CONTRACTORS, INC., et al., | : | |
| Defendants-Appellees. | : | |


Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2013 CV 01824.

Judgment: Affirmed.


*Richard M. Kerger* and *Kimberly A. Conklin*, Kerger & Hartman, LLC, 33 South Michigan Street, Suite 100, Toledo, OH 43604 (For Plaintiff-Appellant).

*Thomas E. Schubert*, 138 East Market Street, Warren, OH 44481 (For Defendants-Appellees).


TIMOTHY P. CANNON, J.

{¶1} Appellant Thomas Kirila (a.k.a. Jerry Kirila) appeals from the judgment of the Trumbull County Court of Common Pleas, which granted summary judgment in favor of Appellees Ronald Kirila Sr. ("Ronald Sr.") and Kirila Contractors Inc., K-Realty Company, K Leasing Company, Kirila Ltd., Kirila Realty, Brookfield Farms, and Brookfield Drive Thru Inc. ("the Kirila Companies"). For the following reasons, we affirm the judgment of the trial court.

**Facts and Procedural History**

{¶2} Kirila Contractors Inc., K-Realty Company, K Leasing Company, and Brookfield Drive Thru Inc. are corporations duly organized in Ohio; Kirila Ltd., Brookfield Farms, and Kirila Realty are partnerships duly organized in Ohio. Appellant is a partner in the partnerships and holds a voting or minority ownership interest in each of the corporations.

{¶3} Appellant initially filed a complaint for declaratory judgment against appellees on September 5, 2013, and a first amended complaint for declaratory judgment on July 23, 2014. In August 2014, appellees filed a counterclaim against appellant, alleging unfair competition and unjust enrichment. Appellee Kirila Contractors Inc. also filed a third-party complaint against Kirila Fire Training Facilities Inc., a corporation owned by appellant, alleging common law trademark and servicemark infringement and violation of the Ohio Deceptive Trade Practices Act. Appellant subsequently filed a motion for leave to file a second amended complaint on March 2, 2015, which was granted on April 7, 2015.

{¶4} In his second amended complaint, appellant asserted three causes of action against appellees: breach of fiduciary duty, conversion, and unjust enrichment. Appellant alleged that Ronald Sr. is the controlling shareholder and trustee of a voting trust agreement through which he controls several of the companies. Appellant also alleged that Ronald Sr. constructively terminated him from his employment with Kirila Contractors Inc. in 2007. Appellant further asserted that since the time of his alleged termination, Ronald Sr. has paid unfair and improper salaries and bonuses to other employees and shareholders so as to deprive appellant of the fair value of his interest in the Kirila Companies.

2

**{¶5}** Appellees responded that appellant voluntarily abandoned his employment, and they filed a motion for summary judgment on all three claims. In his response in opposition, appellant stated he was forsaking all claims except those that relate to his denial of compensation occasioned by the bonuses and distributions to the 401(k) programs that are available only to employees of the Kirila Companies.

**{¶6}** The trial court granted appellees' motion for summary judgment on July 13, 2015. On August 12, 2015, appellant filed a motion for reconsideration. In its entry overruling the motion, the trial court construed it as a motion to vacate, stating a motion to reconsider a final judgment is a nullity under Ohio law. The order granting summary judgment was interlocutory, however, due to the unresolved counterclaim and third party complaint. A motion to reconsider was therefore the appropriate filing. *See Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378 (1981). On September 16, 2015, appellees filed a Civ.R. 41(A) notice of dismissal of its counterclaim and third party complaint, and the order granting summary judgment thereby became final and appealable. *See, e.g., McKibben v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. Franklin No. 14AP-737, 2015-Ohio-1241, ¶17 ("In the ordinary course, when the last of the counterclaims are dismissed, the interlocutory orders in a case will merge with the final judgment and become appealable."). Appellant has filed a timely appeal, thus the misnomer is of no moment.

**{¶7}** Appellant's appellate brief delineates six assignments of error followed by one all-encompassing argument, as opposed to separate arguments for each assignment of error. In the interest of justice, we consider each assignment of error. *But see* App.R. 12(A)(2) ("The court may disregard an assignment of error presented for

3

review if the party raising it * * * fails to argue the assignment separately in the brief, as required under App.R. 16(A).").

**Standard of Review**

{¶8}   Summary judgment is appropriate under Civ.R. 56(C) when (1) there is no genuine issue of material fact remaining to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and, viewing the evidence in favor of the nonmoving party, that conclusion favors the moving party.  *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶9}   The moving party bears the initial burden to inform the trial court of the basis for the motion and to identify those portions of the record that demonstrate there is no genuine issue of material fact to be resolved in the case.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  "If this initial burden is met, the nonmoving party then bears the reciprocal burden to set forth specific facts which prove there remains a genuine issue to be litigated, pursuant to Civ.R. 56(E)."  *Fed. Home Loan Mtge. Corp. v. Zuga*, 11th Dist. Trumbull No. 2012-T-0038, 2013-Ohio-2838, ¶12, citing *Dresher*, *supra*, at 293.

{¶10}  We review a trial court's decision on a motion for summary judgment de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  Thus, this court conducts an independent review of the evidence and arguments that were before the trial court without deference to the trial court's decision.  *Brown v. Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 711 (4th Dist.1993).

**Duty to Examine the Record**

{¶11}  In his second assignment of error, appellant asserts:

4

{¶12} "The trial court erred by failing to consider the entire record before it, not limited to but particularly including two depositions filed by Defendants after Plaintiff had responded to the Motion for Summary Judgment."

{¶13} "'Civ.R. 56(C) imposes an *absolute duty* upon a trial court to read and consider all pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact when ruling on a motion for summary judgment.'" *Westfield Ins. Co. v. Towne Inv. II, Inc.*, 11th Dist. Lake No. 2006-L-026, 2006-Ohio-5830, ¶19, quoting *Kelly v. Coca-Cola Bottling Co.*, 1st Dist. Hamilton No. C-030770, 2004-Ohio-3500, ¶21 (quotation omitted; emphasis sic). "Thus, '[s]ummary judgment may not be granted unless the *entire record* demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law.'" *Id.* at ¶20, quoting *Howard v. Jet Corr Classic, Inc.*, 2d Dist. Clark No. 05CA0068, 2006-Ohio-415, ¶5 (emphasis sic).

{¶14} Appellant alleges "there is [no] evidence that the Trial Court carried out its obligation to review the *entire* record, especially since portions of the depositions support conclusions opposite to those which are the basis for the Motion for Summary Judgment." (Emphasis sic.)

{¶15} The depositions of Ronald Sr. and David Pringle, the Kirila Companies' comptroller, were filed by appellees on July 2, 2015, after appellant had submitted his opposition to the motion for summary judgment. Appellees' reply to appellant's opposition, which references portions of those depositions, was also filed on July 2, 2015. The trial court did not issue its judgment entry until July 13, 2015, eleven days after the depositions were filed. The first sentence of the trial court's judgment entry states it "has reviewed the motions, affidavit, memoranda, pleadings, depositions,

5

exhibits, and the applicable law." Appellant also raised this argument before the trial court in his motion for reconsideration of its judgment. The trial court denied the motion and emphasized "that summary judgment in this case was granted by this Court after a full review of the evidence before it." There is absolutely nothing in the record to indicate the trial court did not consider all of the evidentiary material, including depositions, submitted by the parties.

{¶16} Appellant's second assignment of error is without merit.

## Conversion

{¶17} As his sixth assignment of error, appellant asserts:

{¶18} "The trial court erred in holding that the payment of excessive bonuses to certain owners of the companies in which Plaintiff was an owner were [sic] not wrongful since even though an owner, Plaintiff had no right to the profits until they were determined to be surplus."

{¶19} In this assignment of error, appellant is apparently challenging the grant of summary judgment on his conversion claim, although he misstates the trial court's holding on this issue. In its judgment entry, the trial court held that appellant could not succeed on his claim for conversion because it was a derivative claim and appellant did not properly assert it as such.

{¶20} "The tort of 'conversion' is defined as the 'wrongful exercise of dominion over property in exclusion of the right of the owner, or withholding it from his possession under a claim inconsistent with his rights.'" *Crosby v. Beam* ("*Crosby II*"), 83 Ohio App.3d 501, 510 (6th Dist.1992), quoting *Zacchini v. Scripps-Howard Broadcasting Co.*, 47 Ohio St.2d 224, 226 (1976). "[T]he earnings and profits of a private corporation are the property of the corporation, free from all claims of stockholders, unless and until

6

distributed as dividends." *Lamb v. Lehmann*, 110 Ohio St. 59, 66 (1924). "Where the basis of an action is a wrong to the corporation, redress must be sought in a derivative suit, the stockholder has no right, title or interest in the claim itself, and the corporation is an indispensable party to the action." *HER, Inc. v. Parenteau*, 147 Ohio App.3d 285, 291 (10th Dist.2002), citing *Grand Council of Ohio v. Owens*, 86 Ohio App.3d 215, 219 (1993).

{¶21} In his response in opposition to the motion for summary judgment, appellant informed the court that he "is giving up all his claims except those that relate to his denial of compensation occasioned by the bonuses and by distributions to the 401-k programs which, again, are available only to employees, status denied him in October of 2007." Appellant is therefore not challenging the corporations' distribution of surplus profits to shareholders but, rather, the corporations' payment of salaries and bonuses to employees, not all of which are shareholders.

{¶22} We agree with the trial court that, "as pled, the property alleged to have been subject to conversion belong to the corporation and not to Plaintiff individually." As a result, appellant was required to challenge the corporations' expenditures to its employees by way of a derivative suit on behalf of the corporation. Because he did not do so, appellant cannot succeed on his conversion claim as a matter of law. Summary judgment on this claim was appropriate.

{¶23} Appellant's sixth assignment of error is without merit.

**Statute of Limitations**

{¶24} As his first assignment of error, appellant asserts:

{¶25} "The trial court erred in finding claims barred by the statute of limitations without considering the conduct of the Defendants in failing to disclose financial

7

information to the Plaintiff to enable him to assert his claims, such concealment continuing until 2013."

**{¶26}** Appellant argues "his obligation to file within the applicable four year statute was tolled by the fact that he did not have the information necessary to know he had been harmed."

**{¶27}** Under the common law, "majority shareholders owe a heightened fiduciary duty to minority shareholders in closely held corporations. The breach of this type of fiduciary duty constitutes a tort, which is subject to the four-year statute of limitations under R.C. 2305.09." *Crosby II*, *supra*, at 509, citing *State ex rel. Lien v. House*, 144 Ohio St. 238 (1944), paragraph two of the syllabus. R.C. 2305.09 contains a limited discovery rule that provides: "If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered." Therefore, to the extent the statute expressly limits the application of a discovery rule to specific torts, it does not apply to the tort of breach of fiduciary duty. *Crosby II*, *supra*, at 510, citing *Investors REIT One v. Jacobs*, 46 Ohio St.3d 176, 182 (1989); *see also Vinecourt Landscaping, Inc. v. Kleve*, 11th Dist. Geauga No. 2013-G-3142, 2013-Ohio-5825, ¶19.

**{¶28}** Appellant has alleged breach of fiduciary duty claims dating back to 2007. The first time he raised this claim, however, was in his second amended complaint, filed on March 2, 2015. Therefore, the trial court incorrectly held that all allegations of breach of fiduciary duty that occurred prior to June 30, 2010, were barred by the four-year statute of limitations found in R.C. 2305.09(D). Rather, all allegations of breach of fiduciary duty that occurred prior to March 2, 2011, are barred by the four-year statute of

8

limitations. The error is not prejudicial, as the time limitation was not tolled by the fact that appellant had not "discovered" the breach. Further, the issue is rendered moot by the discussion below, which holds that summary judgment on the breach of fiduciary duty claim was proper.

{¶29} Appellant's first assignment of error is without merit.

## Breach of Fiduciary Duty

{¶30} In his third, fourth, and fifth assignments of error, appellant challenges the grant of summary judgment on his breach of fiduciary duty claim. Specifically, he asserts:

> [3.] The trial court erred in finding that Ronald Kirila, Sr. was not a controlling shareholder under the doctrine of *Crosby v. Beam*. It ignored deposition testimony that all of the decisions for the Kirila companies had to be presented to him before implementation.
>
> [4.] The trial court erred in holding that certain payments of compensation and benefits to all company owners were not unfair and improper, ignoring the decision in *Schafer, et al. v. RMS Realty, et al.*, which provides that liability can attach to nonetheless lawful actions which unfairly prejudice a minority shareholder.
>
> [5.] The trial court erred in finding that there was no evidence to support Plaintiff's status as a minority shareholder.

{¶31} To succeed on a claim for breach of fiduciary duty, a plaintiff must establish the existence of a fiduciary duty, a breach of that duty, and an injury proximately resulting therefrom. *Hurst v. Ent. Title Agency, Inc.*, 157 Ohio App.3d 133, 2004-Ohio-2307, ¶39 (11th Dist.). Partners in a partnership owe each other a heightened fiduciary duty to act in good faith and refrain from self dealing. *McLaughlin v. Beeghly*, 84 Ohio App.3d 502, 506 (10th Dist.1992) (citation omitted). In a closely held corporation—an entity with relatively few shareholders and whose shares are not generally traded on the securities market—majority shareholders owe minority

9

shareholders the same heightened duty. *Heaton v. Rohl*, 193 Ohio App.3d 770, 2011-Ohio-2090, ¶54 (11th Dist.), citing *Crosby v. Beam* ("*Crosby I*"), 47 Ohio St.3d 105, 107-108 (1989). "At the heart of the duty is the unfair exercise of * * * control, which cannot always be limited to a situation in which one individual or group exercises superior voting power." *McLaughlin*, *supra*, at 507. Therefore, even where corporate owners are equal shareholders, a heightened fiduciary duty may arise. *Heaton*, *supra*, at ¶54. "The critical question is not whether one shareholder is a minority and the other a majority, but rather whether one owner so dominated the corporation that he or she can be said to have been in control to the exclusion of the other." *Morrison v. Gugle*, 142 Ohio App.3d 244, 255 (2001).

> **{¶32}** Where majority or controlling shareholders in a close corporation breach their heightened fiduciary duty to minority shareholders by utilizing their majority control of the corporation to their own advantage, without providing minority shareholders with an equal opportunity to benefit, such breach, absent any legitimate business purpose, is actionable.

*Crosby I*, *supra*, at paragraph two of the syllabus; *see also Schafer v. RMS Realty*, 138 Ohio App.3d 244, 277-278 (2d Dist.2000) (citations omitted) ("majority shareholders can be held liable, even where 'proper procedures' are followed, if the plaintiff shows facts tending to establish bad faith").

**{¶33}** "[A] minority shareholder's employment in a close corporation often constitutes the major return on the shareholder's investment. Without the employment, the minority shareholder is denied an equal return on the investment." *Wrightsel v. Ross-Co. Redi-Mix, Inc.*, 4th Dist. Ross No. 1791, 1993 Ohio App. LEXIS 1886, *18 (Mar. 26, 1993), citing *Gigax v. Repka*, 83 Ohio App.3d 615 (1992). Accordingly, "[m]ajority shareholders in a close corporation may not terminate minority shareholders

without a legitimate business purpose." *Tablack v. Wellman*, 2006-Ohio-4688, ¶122 (citations omitted).

{¶34} Here, the Kirila Companies are either partnerships or close corporations. As these assignments of error refer to "shareholder status," they do not apply to Ronald Sr.'s role in the partnerships. Appellant argues the trial court erred in finding no evidence to support appellant's status as a minority shareholder. Appellant's status as a minority owner does not appear to have been in dispute. However, even if it was, any failure to establish that status was not the basis for finding that appellant failed to support his claim.

{¶35} Appellant also argues that because all decisions for the corporations were made by Ronald Sr., the trial court erred in failing to find he was a controlling shareholder. The trial court held that appellant did not show that Ronald Sr. was a majority shareholder of the corporations, but it did not address whether appellant produced evidence that Ronald Sr. was, in any other sense, a controlling shareholder. On appeal, appellees maintain that the judgment should be upheld because a controlling shareholder is one who is "mathematically controlling," not "psychologically controlling." It is clear from the above-quoted case law, however, that the heightened fiduciary duty owed in a closely held corporation does not simply depend on the number of shares one owns. We therefore do not agree with the trial court's statement that "[t]here was no way to 'freeze out'" appellant simply because Ronald Sr. was not shown to be a majority owner.

{¶36} Appellees, as the moving parties, met their initial burden of demonstrating that no genuine issue of material fact remains to be tried on this claim. Appellees submitted evidentiary material that the bonuses and 401(k) contributions did not

11

constitute a breach: they had a legitimate business purpose as employee compensation. In fact, as noted, identical compensation was paid during the periods in question to an employee who was neither a partner nor a shareholder. Appellees submitted evidence that wages paid were artificially low, and the compensation was caught up at the end of the year depending on availability of funds. Appellant's argument is that this compensation was actually made in lieu of surplus profit distributions to shareholders. He concedes, however, that "this is how it was always done" and that he "was no longer providing services to the entities." Appellant simply did not meet his reciprocal burden of showing a genuine issue of material fact exists on this issue by supporting his argument with admissible evidentiary material. There is no expert report or analysis that suggests the compensation levels during the year were market appropriate or that the compensation as a result of the bonuses was extraordinary.

{¶37} Appellant has also not met his burden to show that a genuine issue of material fact exists regarding proximate cause. Appellant did not produce any evidence to support his contention that he was a minority shareholder who experienced a "freeze out" regarding corporate decisions. In fact, in his deposition, appellant acknowledged that he never requested a meeting of the board of directors or of the shareholders in order to discuss any of his concerns. He also stated that he only ever broached the topic of paying out dividends with David Pringle, the Kirila Companies' comptroller, who is neither an owner nor a director.

{¶38} Appellant also contends he was wrongfully terminated from his employment. Appellant cannot challenge the alleged termination as wrongful, however, because it occurred in 2007, outside the four-year statute of limitations. Further,

12

appellant did not produce any evidence to support his allegation that Ronald Sr. was ever the majority or controlling shareholder of any Kirila corporation, and appellant has not named the other shareholders as defendants in his suit. Thus, the circumstances surrounding the end of appellant's employment, even if they were timely, are not issues of *material* fact as they relate to his claim against Ronald Sr. for breach of fiduciary duty.

{¶39} Summary judgment on this claim was thus not granted in error.

{¶40} Appellant's third, fourth, and fifth assignments of error are without merit.

## Conclusion

{¶41} For all of the foregoing reasons, the summary judgment granted by the Trumbull County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

13