[Cite as *McElroy v. M. Roy Coleman, D.D.S., L.L.C.*, 2021-Ohio-3659.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| BERNADETTE MCELROY, et al., | **CASE NO. 2021-T-0035** |
| Plaintiffs-Appellees, | |
| - v - | Civil Appeal from the Court of Common Pleas |
| M. ROY COLEMAN, D.D.S., LLC, et al., | Trial Court No. 2020 CV 01279 |
| Defendants-Appellants. | |

**M E M O R A N D U M**
**O P I N I O N**

Decided: October 12, 2021
Judgment: Appeal dismissed

*Todd E. Petersen* and *Susan E. Petersen*, Petersen & Petersen, 10680 Mayfield Road, Chardon, OH 44024 (For Plaintiffs-Appellees).

*Thomas A. Prislipsky* and *Kelly A. Johns*, Reminger Co., LPA, 11 Federal Plaza Central, Suite 1200, Youngstown, OH 44503, and *Holly Marie Wilson*, Reminger Co., LPA, 101 West Prospect Avenue, Suite 1400, Cleveland, OH 44115 (For Defendants-Appellants, M. Roy Coleman, D.D.S., LLC and M. Roy Coleman, D.D.S.).

*Thomas W. Wright* and *Matthew P. Baringer*, Davis & Young, LPA, 29010 Chardon Road, Willoughby Hills, OH 44092 (For Defendant-Appellant, Denise Bell).

MATT LYNCH, J.

{¶1} On July 9, 2021, appellants, M. Roy Coleman, D.D.S., LLC, M. Roy Coleman, D.D.S., and Denise Bell, through counsel, appealed a July 1, 2021 entry of the Trumbull County Court of Common Pleas.

{¶2}   The docket reveals that on November 12, 2020, appellees, Bernadette McElroy and Willie G. McElroy filed suit against appellants: Bernadette's dentist, M. Roy Coleman, D.D.S., his practice, M. Roy Coleman, D.D.S., LLC, and the dental hygienist, Denise Bell.  On May 7, 2021, appellees filed a motion for an *in camera* inspection of certain documents, which the trial court granted and indicated that a further order would be issued upon the completion of the *in camera* inspection.  On July 1, 2021, the trial court issued an entry after reviewing the documents provided and determined that the records would remain sealed and three of the documents were not privileged material, but that the "remainder of the documents are collateral source documents * * *" and the court did not order disclosure of them.  It is from that entry that this appeal ensued.

{¶3}   Appellees filed a motion to dismiss on July 13, 2021 asserting that there is no final appealable order in a situation where an entry denies disclosure of privileged information.  Appellants responded to the motion on July 22, 2021, and appellees filed a reply to the response.

{¶4}   Under Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action.  *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3.  If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed.  *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).  For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶5}   R.C. 2505.02(B) defines a final order as one of the following:

2

{¶6} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶7} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶8} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶9} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶10} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶11} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶12} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶13} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶14} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶15} "(7) An order in an appropriation proceeding * * *."

{¶16} For R.C. 2505.02(B)(1) to apply to the appealed entry, it must affect a substantial right, determine the action, and prevent further judgment. Here, appellant is

3

appealing an entry that denies disclosure of privileged information. Thus, the appealed entry does not fit into this category.

{¶17} For R.C. 2505.02(B)(2) to apply, the entry under review must be made in a special proceeding, which is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). This case does not involve a special proceeding, and R.C. 2505.02(B)(2) does not apply.

{¶18} It is also clear that the appealed entry did not vacate a judgment, grant a provisional remedy, deal with a class action, determine the constitutionality of Am. Sub. S.B. 281 or Sub. S.B. 80, or deal with an appropriation proceeding. Therefore, R.C. 2505.02(B)(3)-(7) have no application.

{¶19} In general, we note that, discovery issues are interlocutory in nature and a trial court's judgment regarding these issues does not constitute a final appealable order. *Walters v. Enrichment Ctr. of Wishing Well, Inc.*, 78 Ohio St.3d 118, 121 (1997); *Enervest Operating, L.L.C. v. Aloi,* 11th Dist. Portage No. 2014-P-0021, 2014-Ohio-3447, ¶ 17. However, provisional remedies ordering discovery of alleged privileged material are final and appealable. *See Cobb v. Shipman*, 11th Dist. Trumbull No. 2011-T-0049, 2012-Ohio-1676 (an order compelling the production of privileged documents to an opposing party constitutes a final appealable order).

{¶20} To satisfy R.C. 2505.02(B)(4), an order must grant or deny a provisional remedy and satisfy both subsections (a) and (b) must apply. A "provisional remedy" is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a * * * discovery of privileged matter * * *." R.C. 2505.02(A)(3). An order requiring the

4

release of privileged or confidential information in discovery determines the action with respect to a provisional remedy and prevents the appealing party from obtaining an effective remedy because the privileged information has already been released. *Randall v. Cantwell Machinery Co.*, 10th Dist. Franklin No. 12AP-786, 2013-Ohio-2744, ¶ 7. Conversely, where a trial court issues an order preventing the disclosure of privileged material, there is no final appealable order. *Othman v. Heritage Mut. Ins. Co.*, 158 Ohio App.3d 283, 2004-Ohio-4361, 814 N.E.2d 1261, ¶ 11 and 18 (1st Dist.). Here, the court declared certain documents were privileged and did not order them to be released. Thus, appellant has not demonstrated that either requirement under subsection (a) or (b) of R.C. 2505.02(B)(4) has been met.

{¶21} At this juncture, there is no entry or order dismissing or terminating the case. An interlocutory order is simply not a final appealable order. This appeal has been prematurely filed. Appellants will have a meaningful and effective remedy by way of an appeal once a final judgment is reached. *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 5.

{¶22} Based upon the foregoing, appellees' motion to dismiss is granted, and this appeal is hereby dismissed for lack of final appealable order.

{¶23} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2021-T-0035